O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN WHITAKER, | CV 18-1360-RSWL-E |
| Plaintiff, | |
| v. | **ORDER re: Defendants' Motion for Summary Judgment** [23]; **Plaintiff's Motion for Partial Summary Judgment** [25] |
| BOP FIGAT7TH LLC, a Delaware Limited Liability Company; CALIFORNIA PIZZA KITCHEN, INC., a Delaware Corporation; and DOES 1-10, | |
| Defendants. | |

Currently before the Court is Defendants BOP FIGAT7TH LLC and California Pizza Kitchen, Inc.'s ("Defendants") Motion for Summary Judgment [23] ("Defs.' Mot.") and Plaintiff Brian Whitaker's ("Plaintiff") Cross-Motion for Partial Summary Judgment ("Pl.'s Mot.") [25]. Having reviewed all papers submitted pertaining to the Motions, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS**

1

Defendants' Motion [23] as to the ADA claim; **DISMISSES WITHOUT PREJUDICE** to refiling in state court the remaining state cause of action under the Unruh Civil Rights Act; and **DENIES as MOOT** Plaintiff's Motion for Partial Summary Judgment [25] for the Unruh Act claim.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a California resident who suffers from a spinal cord injury and uses a wheelchair for mobility. Compl. ¶ 1, ECF No. 1. Plaintiff filed this Action alleging that the counter in the take-out area of Defendant California Pizza Kitch, Inc.'s ("CPK") restaurant located at 735 S. Figueroa Street, Los Angeles, California, (the "Restaurant") violated ADA regulations. Defs.' Statement of Uncontroverted Facts ("Defs.' SUF") ¶ 1, ECF No. 23-7. Defendant BOP FIGAT7TH LLC ("BOP") owns the property located at 735 S. Figueroa Street, Los Angeles, California. Pl.'s Separate Statement of Uncontroverted Facts ("Pl.'s SUF") ¶ 3, ECF No. 25-2.

On January 3, 2018, Plaintiff went to the Restaurant to buy a drink, but found that the transaction counter was too high for him to use from his wheelchair and there was no lowered transaction counter for him to use. Id. ¶¶ 6, 8-10. On November 6, 2018, Plaintiff's counsel sent an expert, Janis Kent, to conduct a site inspection of the Restaurant. Id. ¶ 12. As of this date, Defendants had fixed the

transaction counter and there was a lowered portion that is now compliant with the ADA requirements. Id. ¶ 13.

**B. Procedural Background**

Plaintiff filed his Complaint [1] on February 19, 2018, alleging violations of the ADA and the Unruh Civil Rights Act. Defendants filed the instant Motion for Summary Judgment [23] on January 18, 2019 to dismiss both claims. Plaintiff filed a Cross-Motion for Partial Summary Judgment [25] on January 21, 2019 for Plaintiff's Unruh Act claim. Plaintiff timely opposed Defendants' Motion [28], and Defendants timely opposed Plaintiff's Motion [26]. Both parties timely replied to their respective Motions [30, 31].

## II. DISCUSSION

**A. Legal Standard**

1. Summary Judgment

Federal Rule of Civil Procedure 56(a) states that a "court shall grant summary judgment" when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" for purposes of summary judgment if it might affect the outcome of the suit, and a "genuine" issue exists if the evidence is such that a reasonable fact-finder could return a verdict for the nonmovant. Anderson, 477 U.S. at 248. The evidence, and any inferences based on underlying facts, must be viewed in the light most favorable to

3

the nonmovant. <u>Twentieth Century-Fox Film Corp. v. MCA, Inc.</u>, 715 F.2d 1327, 1328-29 (9th Cir. 1983). In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, but only to determine if a genuine issue of material fact exists. <u>Anderson</u>, 477 U.S. at 255.

Where the nonmovant bears the burden of proof at trial, the movant need only prove that there is no evidence to support the nonmovant's case. <u>In re Oracle Corp. Secs. Litig.</u>, 627 F.3d 376, 387 (9th Cir. 2010). If the movant satisfies this burden, the burden then shifts to the nonmovant to produce admissible evidence showing a triable issue of fact. <u>Id.</u>; <u>Nissan Fire & Marine Ins. Co. v. Fritz Cos.</u>, 210 F.3d 1099, 1102-03 (9th Cir. 2000); <u>see also</u> <u>Cleveland v. Policy Mgmt. Sys. Corp.</u>, 526 U.S. 795, 805-06 (1999)(quoting <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986))

2. <u>Partial Summary Judgment</u>

Federal Rule of Civil Procedure 56 authorizes courts to grant partial summary judgment to limit the issues to be tried in a case. <u>State Farm Fire & Cas. Co. v. Geary</u>, 699 F. Supp. 756, 759 (N.D. Cal. 1987) (citing <u>Lies v. Farrell Lines, Inc.</u>, 641 F.2d 765, 769 n.3 (9th Cir. 1981)); <u>see</u>, <u>e.g.</u>, <u>White v. Lee</u>, 227 F.3d 1214, 1240 (9th Cir. 2000)("[A] court may award a partial summary judgment that decides only [the] issue [of liability]."). Absent special circumstances, partial summary judgment is not appealable prior to the

entry of a final judgment because such orders do not dispose of all claims or end the litigation on the merits. Williamson v. UNUM Life Ins. Co. of Am., 160 F.3d 1247, 1250 (9th Cir. 1998) (citations omitted).

**B. <u>Discussion</u>**

    1. <u>ADA Claim</u>

To prevail under the ADA, a plaintiff must establish that "(1) she is disabled within the meaning of the ADA; (2) the defendant . . . owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." <u>Molski v. M.J. Cable, Inc.</u>, 481 F.3d 724, 730 (9th Cir. 2007) (citing 42 U.S.C. § 2182(a)-(b)). The ADA defines discrimination as a "failure to remove architectural barriers . . . where such removal is readily achievable . . . ." 42 U.S.C. § 12182(b)(2)(A)(iv).

Here, the parties do not dispute that Plaintiff has satisfied these elements. Plaintiff has a spinal cord injury and uses a wheelchair for mobility, which qualifies as a disability under the ADA. Pl.'s Statement of Undisputed Facts ("Pl.'s SUF") ¶ 1, ECF No. 26-2; Declaration of Brian Whitaker ("Whitaker Decl.") ¶ 2, ECF No. 26-5. See 42 U.S.C. § 12102(2)(A). Second, Defendants own and operate the Restaurant currently, and did so in January 2018. Pl.'s SUF ¶¶ 3-4. Restaurants and bars are identified under the ADA as places of accommodation. Id. ¶ 5.

Third, it is undisputed that in January 2018, the Restaurant had a barrier that was readily removable—the lack of an accessible transaction counter. Failure to provide an accessible transaction counter constitutes an architectural barrier that violates the ADA. See Villegas v. Beverly Corner, LLC, No. 2:16-cv-07651-CAS(SSx), 2017 U.S. Dist. LEXIS 133469, at *9 (C.D. Cal. Aug. 18, 2017) (citing 36 C.F.R. pt. 1191, App. D, § 904.4.1). The accessible portion must be at least thirty-six inches in length and no higher than thirty-six inches. Id. Here, there was not a lowered transaction counter at the Restaurant's to-go area compliant with such requirements. Pl.'s SUF ¶¶ 8-10. The noncompliant transaction counter was removed as of November 6, 2018, when Plaintiff's expert conducted a site inspection. Id. ¶¶ 12-13. Thus, there is no question about whether this barrier was readily removable. See Wilson v. Pier 1 Imports (US), Inc., 439 F. Supp. 2d 1054, 1069 (E.D. Cal. 2006) ("Given that the barrier has already been cured, the court must find that it was readily achievable, and thus that it violated the ADA and subsequently the Unruh Act.").

Because the barrier has been removed, there is no longer any need for injunctive relief and Plaintiff's ADA claim is moot. LaFleur v. S&A Family, LLC, No. SA CV 13-01297-MWF (MRWx), 2014 WL 2212018, at *4 (C.D. Cal. May 13, 2014) (finding ADA claim moot because "only injunctive relief is available under the ADA").

Accordingly, the Court **GRANTS** Defendants' Motion as to Plaintiff's ADA claim.

    2.   <u>Supplemental Jurisdiction</u>

The crux of the parties' dispute is whether following dismissal of Plaintiff's ADA claim, the Court should retain supplemental jurisdiction over the remaining state claim for violation of the Unruh Civil Rights Act.

District courts have "supplemental jurisdiction over all other claims that are so related to claims in the action within . . . original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). A district court may decline to exercise supplemental jurisdiction over state law claims if all claims over which the district court had original jurisdiction have been dismissed. 28 U.S.C. § 1367(c)(3). Here, the Court had original jurisdiction over the ADA claim, but now that the ADA claim has been dismissed as moot, the Court has discretion over whether to retain supplemental jurisdiction over Plaintiff's Unruh Act claim. It is well-settled that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." <u>Carnegie-Mellon Univ. v. Cohill</u>, 108 S. Ct. 614, 619 n.7 (1988); <u>Sanford v. MemberWorks, Inc.</u>, 625 F.3d 550, 561 (9th Cir. 2010). The decision to remand is discretionary

and the court must be guided by values of "economy, convenience, fairness, and comity" in its decision. Carnegie-Mellon, 108 S. Ct. at 619.

Plaintiff's primary argument is that the Court should retain supplemental jurisdiction for purposes of efficiency and judicial economy. Plaintiff argues that dismissing the state claim to be filed in state court would result in duplication of effort and expenditure of judicial resources. "Supreme Court and Ninth Circuit precedent teaches us that the district court is in the best position to judge the extent of resources invested in a case and that, therefore, the district court's discretion ought not be lightly disturbed." Schneider v. TRW, Inc., 938 F.2d 986, 994-95 (9th Cir. 1991) (citations omitted). Here, the Court has not expended significant judicial resources to this case. Although the Court has had this case for a little over one year, the instant Motions are the first substantive motions filed in this case to date. Other than one scheduling conference, the Court has expended next to no resources thus far. Courts have declined to retain supplemental jurisdiction in cases involving significantly greater time and resources. See Contemporary Servs. Corp. v. Landmark Event Staffing Servs. Inc., No. CV 09-00892-BRO (JDEx), 2017 WL 2540310, at *5 (C.D. Cal. June 12, 2017) (remanding and finding no duplication of effort or expenditure of judicial resources where the district court had the

case for eight years, it had been before the Ninth Circuit twice, was nearing 400 docket entries, and was narrowed through summary judgment). The fact that the Court is considering this issue at the summary judgment stage does not in itself warrant retaining supplemental jurisdiction. See, e.g., Baptiste v. L.A. Cty. Sherrif's Dep't, 225 Fed. App'x, 625, 625-26 (9th Cir. 2007) ("The district court did not abuse its discretion when it declined to exercise supplemental jurisdiction over Baptiste's state claims after it had granted summary judgment on all claims over which it had original jurisdiction."); Bryant v. Adventist Health Sys./W., 289 F.3d 1162, 1169 (9th Cir. 2002) (affirming dismissal of state law claims after granting summary judgment on federal claim).

Defendants argue that considerations of comity favor remand, specifically because there remains a genuine issue of material fact as to damages under the Unruh Act.[1] The statutory minimum penalty for a violation of the Unruh Act is $4,000.00. Cal. Civ. Code § 52(a). Statutory damages are not automatic upon a violation of the Unruh Act. To be entitled to statutory damages, Plaintiff must prove that he "personally encountered the violation [of a construction-related accessibility standard] on a

---

[1] The parties do not dispute that Plaintiff has proved liability under the Unruh Act because a violation of the ADA necessarily constitutes a violation of the Unruh Act. Cal. Civ. Code § 51(f).

9

particular occasion" and that it caused him "difficulty, discomfort, or embarrassment," thus denying him full and equal access to a place of public accommodation. Cal. Civ. Code § 55.56(a)-(c); Mundy v. Pro-Thro Enters., 121 Cal. Rptr. 3d 274, 278 (Cal. Ct. App. 2011). See also Doran v. 7-Eleven, Inc., 509 Fed. App'x 647, 648 (9th Cir. 2013) (citations omitted) (affirming district court's denial of statutory damages under the Unruh Act because the plaintiff did not prove he "experienced difficulty, discomfort, or embarrassment because of the violation").

Plaintiff cites to several cases in which the district court retained supplemental jurisdiction over an Unruh Act claim, however in each case the court either did not consider—or it was not a disputed issue—whether the plaintiff proved difficulty, discomfort, and embarrassment, and the court granted summary judgment for the Unruh Act claim.[2] Here, the

---

[2] See Grove v. De La Cruz, 407 F. Supp 2d 1126, 1131 (C.D. Cal. 2005) (retaining supplemental jurisdiction and granting summary judgment in the amount of $4,000 pursuant to the Unruh Act, with no discussion as to whether plaintiff experienced difficulty, discomfort, or embarrassment); Martinez v. Longs Drug Stores, Inc., No. CIVS-03-1843 DFL CMK, 2005 WL 2072013, at *6 (E.D. Cal. 2005) (same); LaFleur v. S&A Family, LLC, No. SA CV 13-01297-MWF (MRWx), 2014 WL 2212018, at *7-8 (C.D. Cal. May 13, 2014) (same, finding the plaintiff experienced difficulty); Langer v. McHale, No. 13cv2721-CAB-NLS, 2014 WL 5422973, at *4-5 (S.D. Cal. Oct. 20, 2014) (same). Plaintiff also cites Hernandez v. Polanco Enters., Inc., 624 Fed. App'x 964 (9th Cir. 2015), but there the Ninth Circuit reversed and remanded a district court for granting the Unruh Act claim as moot, which is not the case here. The Court notes, however, that Hernandez affirms that a plaintiff must prove difficulty, discomfort, or embarrassment.

parties dispute whether Plaintiff can prove difficulty, discomfort, or embarrassment, which require an understanding of how California state courts handle such issues.³ Consequently, the Court finds the state tribunal best suited to take up Plaintiff's claim under the Unruh Act. See Danner v. Himmelfarb, 858 F.2d 515, 524 (9th Cir. 1988) ("[P]rinciples of comity will be well-served by allowing the state courts to resolve claims solely of state law."). Plaintiff has not put forth any arguments as to fairness that would convince the Court to retain jurisdiction, and because considerations of judicial economy and comity weigh in favor of remand, the Court declines to exercise supplemental jurisdiction and dismisses without prejudice to refiling in state court the remaining Unruh Act claim. Consequently, Plaintiff's Motion for Partial Summary Judgment for the Unruh Act claim is **DENIED as MOOT.**

///

---

See 624 Fed. App'x at 965 (remanding for the district court to determine if the plaintiff is entitled to statutory damages).

³ For example, Defendants argue that genuine disputes exist regarding Plaintiff's testimony and credibility as to whether he suffered embarrassment because in an interrogatory response, Plaintiff stated he suffered embarrassment because he dropped the change that the CPK staff person handed to him from behind the counter, but later at his deposition, Plaintiff stated he did not drop the change. Defs.' Opp'n to Pl.'s Mot. at 9:6-11, ECF No. 26. Plaintiff argues that regardless, his ability to overcome a barrier does not negate his entitlement to damages. Pl.'s Reply at 7:8-9, ECF No. 31.

11

## III. CONCLUSION

Based on the foregoing, the Court (1) **GRANTS** Defendants' Motion [23] as to the ADA claim; (2) **DISMISSES WITHOUT PREJUDICE** to refiling in state court the remaining Unruh Act claim; and (3) **DENIES as MOOT** Plaintiff's Motion for Partial Summary Judgment [25].

**IT IS SO ORDERED.**

DATED: March 6, 2019          s/ RONALD S.W. LEW
                              **HONORABLE RONALD S.W. LEW**
                              Senior U.S. District Judge